IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE BLACKSTOCK,<br><br>Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, UNIT MANAGER CONROY, CASE MANAGER COLEMAN, SARGENT RIESDORFF, and NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES,<br><br>Respondents. | 8:18CV280<br><br>**MEMORANDUM AND ORDER** |

Petitioner Jesse Blackstock, an inmate in the custody of the State of Nebraska, has brought a habeas corpus action (filing no. 1) similar in form to his two other habeas actions in Case Numbers 4:18CV3059 and 8:18CV253. I dismissed the petitions in 4:18CV3059 and 8:18CV253 because the claims raised in the petitions were not properly brought as habeas corpus claims. After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I also will dismiss the present petition without prejudice for the same reason.

Blackstock brings his "Complaint" against several employees of the Nebraska Department of Correctional Services ("NDCS") "for a violation of his federal constitutional rights . . . to Due Process [and under the] 8th Amendment." (Filing No. 1 at CM/ECF p. 1.) Blackstock alleges that he is being held in Segregation in a double-bunked cell on "24 hr. Lock[down]" as a result of a "False Classification" by the Unit Classification Committee. (*Id.* at CM/ECF p. 2.) Plaintiff alleges that he is supposed to be in Protective Custody, but the Nebraska State Penitentiary ("NSP") is unlawfully housing him in Longer-Term Restrictive Housing because the NSP has been deemed unsafe and ordered by law not to house

Protective Custody" inmates. (*Id*.) Plaintiff alleges that his due process rights have been violated because he was not allowed to be present at his classification hearing and NDCS has failed to follow its procedure and move him to a facility that is safe. (*Id*.) For relief, Blackstock requests damages of $100.00 for each day he has been held in segregation for a total of $6,000 and asks the court to release him at once "[s]ince the State of Nebraska can't seem to house [him] according to the Law due to thier [sic] over crowding and understaffed." (*Id*. at CM/ECF p. 6.)

These are plainly "conditions of confinement" claims that are not properly brought as habeas corpus claims. That is:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Because it "plainly appears from the petition . . . that [Blackstock] is not entitled to relief" under Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss this action without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*,

529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The habeas corpus petition ([filing no. 1](#)) is dismissed without prejudice and particularly without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983.

2. The Clerk shall mail a copy of Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner) and a copy of AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) to Mr. Blackstock.

3. Judgment will be entered by separate order.

4. No certificate of appealability has been or will be issued.

Dated this 2nd day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge